**Maria L. MURCIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74363.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2004.\*

Decided Aug. 11, 2004.

Fed. R.App. P. 34(a)(2).

**1. Aliens ☞54(5)**

Carlos Cruz, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department

of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Anh–Thu P. Mai, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Maria Murcia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion for reconsideration. Though Murcia requested that the BIA exercise its sua sponte power in reconsidering her claim under 8 C.F.R. § 3.2(a), the BIA, treating Murcia's motion as a motion to reopen, denied the motion as untimely under 8 C.F.R. § 3.2(c)(2). As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We deny the petition.

 Section 3.2(a) states the "Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision" and "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 3.2(a). Implicit in the BIA's denial of Murcia's motion was its refusal to exercise its sua sponte authority to reopen or reconsider the case under § 3.2(a). The BIA accordingly did not violate Murcia's due process rights by failing to refer to § 3.2(a) expressly in its decision. Because we lack jurisdiction to review any claim that the BIA should have exercised its sua sponte power under

§ 3.2(a) to reopen or reconsider Murcia's case, we deny the petition. *See Ekimian v. INS,* 303 F.3d 1153, 1158 (9th Cir.2002).

**PETITION DENIED**

Judge REINHARDT concurs in the judgment.